**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000123**
**25-APR-2018**
**08:08 AM**

NO. CAAP-18-0000123

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MASTERS PROPERTIES, LLC, Plaintiff-Appellee,
v.
DAVIS DESIGN CENTER CORPORATION; GARY M. DAVIS,
Defendants/Cross-Claimants/
Cross-Claim Defendants-Appellants,
and
MARIA C. DAVIS, also known as MARIA CONNIE DAVIS,
Defendant/Cross-Claim Defendant/Cross-Claimant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC17-1-5203)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, and Leonard and Reifurth, JJ.)

Upon review of (1) Plaintiff-Appellee Masters Properties, LLC's (Masters Properties) March 8, 2018 motion to dismiss appellate court case number CAAP-18-0000123 for lack of appellate jurisdiction, (2) Defendants/Cross-Claimants/Cross-Claim Defendants-Appellants Davis Design Center Corporation and Gary M. Davis's (the Appellants) March 15, 2018 memorandum in opposition to Masters Properties' March 8, 2018 motion, and (3) the record, it appears that we lack appellate jurisdiction over the Appellants' appeal from the Honorable Hilary Benson Gangnes's February 2, 2018 interlocutory order denying the Appellants' February 2, 2018 motion for clarification or reconsideration of a January 17, 2018 interlocutory order denying the Appellants' demand for a jury trial in district court civil case number 1RC17-1-5203. The February 2, 2018 interlocutory order is not an

appealable final order that resolves all the remaining claims in this case, as Hawaii Revised Statutes (HRS) § 641-1(a) (2016) requires for an appeal from a civil district court case. Nor does the order fall under any one of the three recognized exceptions to the final judgment rule.

> Under HRS § 641-1(a),
>
> appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. See District Court Rules of Civil Procedure (DCRCP) Rule 54(a) (1996). A final order means an order ending the proceeding, leaving nothing further to be accomplished. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawaiʻi 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The Supreme Court of Hawaiʻi

> has promulgated separate rules governing civil procedure in the district courts . . . . DCRCP Rule 58 (1996), in contrast to HRCP Rule 58, does not by its plain language require that judgment be set forth on a "separate document." Thus, the requirements set forth in Jenkins [v. Cades Schutte Fleming & Wright, 76 Hawaii 115, 869 P.2d 1334 (1994)], are not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

Id. at 427, 984 P.2d at 1253 (footnote and citation omitted). At the time when the Appellants filed their March 2, 2018 notice of appeal, the district court had resolved only one of the multiple substantive claims in this case by way of a September 5, 2017 judgment for possession in favor of Masters Properties[1] as to Masters Properties' first amended complaint for breach of lease. The district court has not yet adjudicated the issue of whether Masters Properties is entitled to an award of money damages on its cause of action for breach of lease, or the district court

---

[1]    If an aggrieved party does not assert an "immediate appeal of the judgment for possession under the Forgay doctrine[,]" the aggrieved party must "await final resolution of all claims in the case before challenging the judgment for possession." Ciesla v. Reddish, 78 Hawaiʻi 18, 21, 889 P.2d 702, 705 (1995).

2

issues raised by Appellants' cross-claim for indemnification and contribution against Defendant/Cross-Claim Defendant/Cross-Claimant-Appellee Maria C. Davis. The district court has not yet entered a final order or final judgment that ends the litigation by fully deciding the rights and liabilities of all parties as to the remaining claims and that leaves nothing further to be adjudicated, as HRS § 641-1(a) requires for an appeal under the holding in Casumpang.

Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (2016), the February 2, 2018 interlocutory order does not satisfy all of the requirements for this court to assume appellate jurisdiction over this appeal under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order); State v. Nilsawit, 139 Hawai'i 86, 91, 384 P.3d 862, 867 (2016) ("HRS § 641-1(b) does not allow interlocutory appeals of civil matters originating from the district court."). We note that, even if there was authority holding that a district court's denial of a party's demand for a jury trial is appealable under the collateral order doctrine, the district court denied the Appellants' demand for a jury trial by way of a January 17, 2018 interlocutory order, Appellant's did not file their motion for clarification or reconsideration within the ten (10) days thereafter, and the Appellant's did not file their March 2, 2018 notice of appeal within thirty days after entry of the January 17, 2018 interlocutory order in violation of Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure.

Therefore, IT IS HEREBY ORDERED that Masters Properties' March 8, 2018 motion to dismiss this appeal is granted, and appellate court case number CAAP-18-0000123 is

3

dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 25, 2018.

Chief Judge

Associate Judge

Associate Judge

4